Gaston, Judge.
 

 Upon these pleadings and proofs three questions are presented. The first is, whether the plaintiff can demand a specific execution of the contract, inasmuch as he did not make or tender a title within the prescribed time. 2dly. Has the plaintiff waived his right to the specific execution of the contract? 3dly. Can the plaintiff now make such a title as the Court will compel the defendant, Read, to receive.
 

 The first question opens an inquiry upon a subject where we find much less precision of doctrine than ought to prevail. Equity will in certain cases enforce the execution of an agreement, notwithstanding there has been delay in the performance of what was stipulated on the part of the plaintiff, if such delay has not been unreasonable ; if it has been attended with
 
 no
 
 practical inconvenience to the opposite party; and if the time were not made an essential part of the contract. The older cases have been far less strict in exacting attention to the time fixed on for the completion of a contract, than the more recent ones; and perhaps there is cause to regret that equity ever assumed the power of dispensing with the performance of any condition in a contract of this kind. No explanation has been given of the causes of the delay in this case, nor has it been alleged or shown that such delay produced serious inconvenience to the defendant. It was, very probably, important to him to be assured of the conveyance before his note became.due, in bank; and although the failure to make the title before the expiration of the sixty days, might have been of no moment, we should feel hesitation in deciding that the delay beyond the ninety days was immaterial. As the decision of the cause will not rest upon this point, we forbear from any further examination of it.
 

 On the second point, we are of opinion, that the plaintiff has waived his right to compel the execution of this agreement. It was known to him, that the defendant, Read, had claimed to be “ off” from the contract, and to occupy as lessee for the year under the lease made by the plaintiff’s co-tenant. Having purchased in her right, he became the sole proprietor of the lot. If the contract were binding,
 
 *85
 
 the entire estate in equity passed to the defendant, and no rent was due. If the contract were broken off, then the whole rent became due to
 
 him.
 
 With a perfect knowledge of the facts, he writes to Simmons the
 
 letter
 
 which has been recited, and which, though not free from ambiguity, Simmons interpreted, and, as we think, rightfully interpreted, as authorising and directing him to receive the one hundred dollars, whether Read would or would not agree to rent the lot for another year.
 

 On a bin perform!.512 anoe> the
 
 *86
 
 vendee will not be compelled to take a title founded on a decree against an infant, because the latter may show cause against it when of age.
 

 
 *85
 
 “ If Doctor Read should offer .you the hundred dollars, receive it.” So far nothing can be plainer. It was known, that if offered, it would be as rent. If the bargain were relinquished, it would be due as rent, and it depended upon
 
 him,
 
 whether it should, or should not be relinquished. He goes on to add, indeed, “ and if he will give you one hundred dollars rent for another year, I will cancel the contract.” These expressions seem to indicate that he did not
 
 believe
 
 that the effect of receiving the rent would be to cancel the contract, but they in no manner qualify the instruction to Simmons to receive the rent, if it should be offered. Matters had arrived at that state, in which it was incumbent upon the plaintiff to act decisively in one or the other character, either as landlord or as vendor; and he cannot be permitted, consistently with the rights of the other party, to act as landlord, with a reservation to himself of the privilege of thereafter claiming not to have been landlord, but vendor. Should the construction put upon this letter be not entirely free from doubt, it is the misfortune or the fault of the plaintiff, who, at such a time, ought to have distinctly declared his purpose. The payment of rent to Simmons, must be regarded as a payment then made to the plaintiff, and
 
 the more
 
 especially, as the plaintiff after being informed of the payment of the rent, the abandonment of the possession by Read, and the taking of possession by Simmons, did not for more than one year thereafter, express any dissatisfaction at what had taken place.
 

 We jare also of opinion, with the defendant, Read, upon the third point. It is clear, that the Court will not compel the purchaser of an entire tract or lot of ground, to take an
 
 *86
 
 undivided part of the estate contracted for. It is also clear, that if after the contract of sale, it be discovered that the vendor cannot make a good title to the thing sold, or that his title thereto be doubtful, the Court will not enforce the specific execution against the purchaser. See cases cited Sugden on Vendors, 5th ed. 243. The objection which has been set up against the plaintiff’s title to an undivided moiety of the lot upon the proofs now submitted, is a serious one. We cannot decree for the plaintiff upon these proofs that the infant defendant has no estate in that moiety. If such a decree were made, the infant must have a day to show cause against it after arrival at full age. We cannot now decree that the purchaser instead of a complete title, shall receive an imperfect one, and an indemnity against the title of the infant
 
 defendant. We
 
 cannot decree that a part of the purchase money, in consequence of the consent of the plaintiff, shall be secured to the infant in lieu and satisfaction of her interest in the land. As, to say the least, we doubt of the ability of the plaintiff to make a complete title., we shall, on this ground, also refuse the relief which has been prayed for.
 

 The bill must be dismissed, and with costs.
 

 Per Curiam. . Bill dismissed.